IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

CHRISTOPHER CAMPOS, 868973

    Petitioner,

-v.-　　　　　　　　　　　　　　　　Case No. 1:18-cv-1096

GREG SKIPPER, Warden,　　　　　　HON. GORDON J. QUIST
Michigan Reformatory,　　　　　　　MAG. RAY S. KENT

    Respondent.
_____/

PETITIONER'S REPLY TO RESPONDENT'S
ANSWER TO PETITION FOR HABEAS CORPUS

    Petitioner CHRISTOPHER CAMPOS, by and through his attorneys James S. Lawrence, replies to the Respondent's Answer to Petition for Habeas Corpus and says:

    1.    Counsel for Respondent begins with an "introduction" and statement of facts (R. Br. 1; Page ID #213) that states that Petitioner Zacharko committed the crimes, including that petitioner committed "penetration," a matter contested in the appeals and in this Petition for Habeas Corpus.

1

Respondent's pleading states that Petitioner did this and that, instead of saying that witness X testified that Petitioner did certain acts. In fact, no witness testified that Petitioner committed sexual penetration. Thus, Respondent attempts to bypass this Court's judgment and replace it with its own, hoping that this Court will overlook the failure to cite to the record in presenting Respondent's version of "facts."

      2.    Counsel for Respondent correctly quotes from the Michigan Court of Appeals opinion (R. Ans. 4-5, Page ID ##216-217). Respondent argues, "The State opposes any factual assertions made by Campos that are not directly supported by—or consistent with—the state court record," (R. Br. 6, Page ID #218), but does not mention any.

      3.    Petitioner denies the implication of Respondent's statement (R. Br. 8, Page ID #220) that "The trial court denied the motion for relief from judgment under Mich. Ct. R. 6.508(D)(3) and on the merits." The implication is that the trial court's citation to the court rule is something other than a ruling on the merits, to imply that the trial court made a finding of

procedural default against petitioner, and enforced a procedural bar against petitioner. A mention of MCR 6.508(D)(3) is not a ruling of procedural default, and is not an enforcement of a procedural bar, as discussed more fully below. See especially *Harris v. Reed*, 489 U.S. 255; 109 S.Ct. 1038; 103 L.Ed.2d 308 (1989); *Guilmette v Howes*, 624 F.3d 286 (en banc, 6th Cir. 2010); *People v. Jackson*, 465 Mich. 390 (2001).

    4.   **Respondent's claim of a state court enforcement of a procedural bar.** The determinative case is *Harris v. Reed*, 489 U.S. 255; 109 S.Ct. 1038; 103 L.Ed.2d 308 (1989). In *Harris v. Reed*, the Illinois Supreme Court mentioned that there was a procedural default, then went on to discuss the issues anyway. The United States Supreme Court held that when the state court reaches the merits of the issue, the fact that they also mentioned a procedural default does not prevent Habeas Corpus review. There is no preclusion of federal court review when the state court rules upon the merits of the issues despite the arguable or undisputed presence of a procedural default. In accord see *Ulster County Court v. Allen*, 442 U.S. 140;

99 S.Ct. 2213; 60 L.Ed.2d 777 (1979); *Bowling v. Parker,* 344 F.3d 487, 499 (6th Cir. 2003); *Abela v. Martin,* 380 F.3d 915, 921 (6th Cir. 2004).  Any Habeas Corpus court ruling that would fail to apply this rule would overrule *Harris v. Reed*, which we submit to be beyond the legitimate power of either the District Court or the Court of Appeals.  As the Court held in *Harris*: "unless the state court <u>clearly</u> expressed its <u>reliance</u> on an adequate and independent state-law ground, this Court may address a federal issue considered by the state court."

     5.    In its 5 page ruling denying the Motion for Relief from Judgment, the state trial court used all of them to discuss the merits of the issues.  Its conclusion was "Based on the foregoing, defendant has not shown any valid grounds for relief from judgment.  He has not met his burden under MCR 6.508(D)."  However, the state trial court ruling does not mention procedural bar or procedural default, and addresses every issue on the merits.  Respondent's claim that the state court invoked a procedural bar is frivolous, not supported at all by the state court record.

6. In *Guilmette v Howes*, 624 F.3d 286 (en banc, 6th Cir. 2010), the Sixth Circuit ruled that when the Michigan Court of Appeals and Michigan Supreme Court use the standard order denying leave to appeal in Motion for Relief from Judgment cases, the federal court must look at the Circuit Court ruling to determine whether the state court invoked a procedural bar. They also held that a state court reference to MCR 6.508(D)(3) is not automatically an invocation or enforcement of a procedural default.

7. The rule of *Harris v. Reed* was followed in *Harrington v Richter*, 562 US 86, 99; 131 S Ct 770, 784–85; 178 L Ed 2d 624 (2011):

> "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary. Cf. *Harris v. Reed,* 489 U.S. 255, 265, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)."

This standard was used against a Habeas Corpus petitioner in *Davis v. Johnson*, 661 Fed. Appx. 869 (2016), where the petitioner

wanted a finding of no state court ruling on the merits, and the court invoked a presumption that a state court ruling is a ruling on the merits. "Although this is only a presumption, it is nevertheless a strong one that may be rebutted only in unusual circumstances." (Citing to *Johnson v. Williams*, 568 U.S. 289 (2013).) In other words, where a petitioner wants a state court ruling not to be on the merits (for purposes of getting *de novo* review), the petitioner is routinely told that there is a presumption that there was a ruling on the merits, a presumption that may be rebutted "only in unusual circumstances." No reported case says that a different standard is to be used when it is the State that wishes a finding that there was no ruling on the merits, and removing this presumption for the Respondent, as Respondent wishes, would be unreasonable.

      8.   MCR 6.508(D) permits rejection of an issue on the ground of lack of prejudice. As discussed in *Guilmette v. Howes*, the same rule also expressly allows waiver of procedural default by the trial court. Where the court does not clearly choose between a decision on the merits (including lack of prejudice) and

dismissal for procedural default, there has not been the "clear" invocation of procedural default that the case law demands for the federal court to dismiss for procedural default. Here, the case for petitioner is even stronger, in that the state trial court does not even purport to enforce a procedural bar.

9. In *Amos v. Renico*, 683 F.3d 720, 733 (6th Cir. 2012), the Court held that "a procedural rule must be "clearly and expressly invoked" to operate as a bar to habeas review." Because the trial court in Petitioner Amos's case reached the merits of every issue in addition to discussing procedural default, the federal courts reached the merits of the issues.

10. In *Baze v. Parker*, 371 F.3d 310 (6th Cir. 2004), the ruling again rejects Respondent's position by stating, at 320:

> If a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review. *Caldwell v. Mississippi,* 472 U.S. 320, 327, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985); *Bowling v. Parker,* 344 F.3d 487, 499 (6th Cir.2003) (proceeding to consideration of the merits of petitioner's claims because the Kentucky Supreme Court reviewed the ineffective assistance of counsel claims on the merits, in spite of a procedural bar to review, and therefore the reliance on procedural default was not "unambiguous")

11. On many occasions a trial court has mentioned Rule

7

6.508(D)(3) without actually enforcing a procedural default to bar consideration of claims. A trial court could mention the rule without applying it, and a finding of no actual prejudice does not provide a procedural bar. One such case is *Guilmette v Howes* itself, where a discussion of this court rule by the trial court did not amount to **invoking** a procedural bar because such an invocation requires clear language to support it. Another such case is *People v. Jackson*, 465 Mich. 390 (2001), where a denial by the trial court under MCR 6.508(D)(3) was held to be a denial on the merits. In other words, the Michigan courts will cite M.C.R. 6.508(D(3) when denying in both those cases where a procedural default was present and invoked, and in those cases where the issues are heard on their merits, but the court is not persuaded by the argument.

   12. **Issue I. There was insufficient evidence to convict of first degree criminal sexual conduct where there was no evidence of penetration.** Contrary to Respondent's position, the state trial court ruled on the merits, and did not state it was invoking or enforcing any sort of

procedural default. In fact, the trial court did not expressly find any procedural default at all.

      13. The complaining witness, a minor, hereafter known as A.C., testified that the Defendant tried to penetrate her anally and vaginally, but did not. (T II, 99, 103). Her mother testified that she never complained of a "sore butt." (T III, 43). The examining physician, Dr. Frederick, found that there was no injury to the anal or vaginal area. He found no physical evidence of sexual abuse. (T II, 158). There were no fissures or tears. (T II, 161). All of the witness's descriptions, both in court and out of court, involve trying, not actual penetration. (T II, 72, 84, 85, 98, 103). She testified that she understood the difference between actually penetrating and trying to penetrate. (T II, 81).

      14. Neither the testimony of the complainant nor the physician nor the mother provides any basis to show that there was any penetration. There was no testimony of an actual penetration of the either opening. There was no testimony of a tongue touching a vagina. Therefore, there is no proof beyond a reasonable doubt of anal or vaginal penetration, or cunnilingus.

9

The clear words of the statute make the actions testified to by the complainant touching, not penetration, which makes for 2d degree criminal sexual conduct, not first degree.

15. Respondent's claim that the jurors' "common sense and experiences" (R. Br. 28) can make up for a lack of actual evidence is not reasonable. Respondent has not cited a single word of testimony that says there was penetration. It is understandable that jurors would be outraged by the testimony of Petitioner's conduct. This outrage is no substitute for evidence that the outrageous conduct included penetration.

16. Petitioner concedes that there was a state court finding of penetration. Petitioner submits that state court finding was unreasonable because not supported by sufficient evidence, or by any evidence. Respondent wishes to use a presumption of guilt that is contrary to law.

17. **Issue II. The court failed to properly ensure that defendant knowingly, voluntarily and intelligently waived the right to testify.** Contrary to Respondent's claim, the state trial court did not apply a procedural bar to petitioner's

issue, and ruled on the merits. See paragraphs 4-11, supra. Moreover, this issue was raised in the appeal of right. The ruling of the Michigan Court of Appeals does not use the words "procedural," "default," or bar. Respondent alleges a state court finding of procedural default, and a state court enforcement of procedural default to bar consideration of an issue, but has not established either one,

      18. While it may be true that, ""there is no requirement in Michigan that there be an on-the-record waiver of a defendant's right to testify." *People v Harris,* 190 Mich App 652, 661 (1991)" (R. Br. 31; Page ID #243), that does not begin to answer the questions of federal law that were raised and exhausted in the state courts.

      19. Respondent concedes that a waiver of the right to testify must be a knowing and intelligent waiver. (R. Br. 32; Page ID #244). Petitioner was not informed of the right to testify, but the case was closed before petitioner had an opportunity to assert or waive the right. The attorney closed the case without giving petitioner the opportunity to declare that he did or did not

want to testify. There was never any variety of waiver, must less one that was clearly expressed. Waiver of a federal constitutional right cannot be implied from a silent record, *Johnson v Zerbst*, 304 US 458; 58 S Ct 1019; 82 L Ed 1461 (1938), but that is exactly what the trial court did and Respondent seeks to do. Respondent does not mention or even try to distinguish *Johnson v. Zerbst*. The "courts indulge every reasonable presumption against waiver of fundamental constitutional rights" and the courts "do not presume acquiescence in the loss of fundamental rights." *Johnson v Zerbst*. Respondent attempts to invoke the very presumption that the United States Supreme Court has rejected.

20. Respondent also does not mention or distinguish the cases that clearly support petitioner's position, including *Montejo v Louisiana*, 556 U.S. 778 (2009), *Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986), and *Halbert v Michigan*, 545 US 605 (2005). In *Rock v Arkansas*, 483 US 44; 107 S Ct 2704; 97 L Ed 2d 37 (1987), the Supreme Court held that the right to testify is a fundamental right, so fundamental

12

that it cannot be waived by counsel alone. Instead, Respondent cites a Court of Appeals case, *United States v. Webber*, 208 F.3d 545, 550–51 (6th Cir. 2000), that holds the waiver is "presumed." A Court of Appeals case cannot overrule even one United States Supreme Court case, much less the mass of United States Supreme Court cases holding there can be no such presumption. Moreover the United States Supreme Court ruling in *Iowa v. Tovar,* 541 U.S. 77, 88 (2004) shows that *Webber* can no longer be considered good law.

      21. Respondent claims, "Here, any error was harmless because Campos's self-serving testimony would not have made any difference." (R. Br. 37; Page ID #239). The right to testify is a structural right not subject to harmless error analysis. *Brecht v. Abrahamson*, 507 U.S. 619; 113 S.Ct. 1710; 123 L.Ed.2d 353 (1993). Even if 1000 witnesses testified there was penetration, petitioner still should have had the right to testify protected, or a valid waiver issued. Here there was not even 1 such witness. The speculation that the jury was certain to find penetration no matter what testimony might be given by petitioner is just that:

speculation. Given that there was **no** testimony of penetration at all, that assumption is unreasonable. Moreover, the state trial court did not find that any error would be harmless, so there is no such ruling to give deference to.

22. **Issue III. The prosecutor improperly relied on denigration of defense counsel with remarks about the upsetting nature of the cross-examination of the complainant, and by adding to the complainant's testimony in closing.** Contrary to Respondent's claim, the state trial court did not apply a procedural bar to petitioner's issue, and ruled on the merits. See paragraphs 4-11, supra.

23. Respondent argues (R. Br. 42, Page ID #254): "In *Darden* [*Darden v. Wainwright*, 477 U.S. 168 (1986)] the Supreme Court held that a "prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" That is exactly what happened here. With zero testimony of penetration, the prosecutor kept saying that there was penetration, which led the jury to a finding not supported by

14

the evidence. The prosecutor's misconduct of stretching the evidence to make it appear to say what it clearly did not say was outcome-determinative. The prosecutor's misconduct of demonizing the constitutional right of cross-examination was plainly prejudicial. The state court did find to the contrary, but as shown in the brief in support of Petition for Habeas Corpus, those findings were an unreasonable application of federal law.

24. **Issue IV. Petitioner was prejudiced by ineffective assistance of counsel.** Counsel failed to make a Motion to Quash the charge of first degree criminal sexual conduct even though there was no evidence of penetration. Counsel failed to object to the improper prosecutor conduct complained of in Issue III. No reasonable attorney would have argued to the jury that the evidence was insufficient, without also arguing it in a motion to the judge. No reasonable attorney would have failed to object to the prosecutor arguing improper conduct by defense counsel when there was none, or failure to object to the prosecutor adding in critical "information" that did not come from the witnesses. There was further ineffective

15

assistance of counsel by failure to move for a mistrial after witness Bonnie Skornia gave opinions about the accuracy and reliability of what she was told by A.C., and by stating A.C.'s alleged out of court statements. Respondent says that after Skornia's lengthy (inadmissible) testimony, defense counsel at long last objected. (R. Br. 56-57; Page ID ##268-269). While that is correct, the objection was too long delayed to avoid the prejudice, and did not include a request to strike the testimony or for mistrial.

25. Respondent did not speak at all to the unreasonableness of the state court's actions in refusing to hold an evidentiary hearing on ineffective assistance of counsel. The failure to hold the evidentiary hearing was unreasonable because it prevented judicial inquiry into the issue. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011).

26. **Issue V. Petitioner was prejudiced by ineffective assistance of appellate counsel.** Respondent did not present argument on this issue, therefore, they have abandoned any response to the issue. *Sommer v. Davis*, 317 F.3d

16

686, 691 (6th Cir. 2003). Petitioner relies on the briefed issue in the brief in support of Petition for Habeas Corpus, which stands unrebutted.

26. **Other Matters.** Petitioner has not requested bond or oral argument or discovery, therefore, Respondent's plea to reject such requests (R. Br. 60; Page ID #272) is irrelevant. Respondent's discussion of a Certificate of Appealability is premature, in that petitioner has not lost on the Petition for Habeas Corpus, nor has the District Court made any rulings on Certificate of Appealability.

## RELIEF SOUGHT

Wherefore, Petitioner moves this Court to grant the relief sought in the Petition for Habeas Corpus.

Respectfully submitted,

/s/ James Sterling Lawrence

_____
JAMES STERLING LAWRENCE
(P33664)
Attorney for Petitioner Campos
235 S. Gratiot Ave.

Mt. Clemens, MI  48043
(586) 222-5459
ynot@earthlink.net

Dated: 5-10-2019

## CERTIFICATE OF SERVICE

James S. Lawrence, attorney for Petitioner, certifies that on 5-10-2019 he served this Reply upon Hon. Gordon J. Quist, Hon. Ray Kent, and attorney for Respondent Scott Shimkus, using this Court's ECF filing system.

Respectfully submitted,

/s/ James Sterling Lawrence
_____
JAMES STERLING LAWRENCE
(P33664)
Attorney for Petitioner Campos
235 S. Gratiot Ave.
Mt. Clemens, MI  48043
(586) 222-5459
ynot@earthlink.net

Dated: 5-10-2019