UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER CAMPOS,

       Petitioner,

                                     CASE NO. 1:18-cv-1096

v.

                                     HON. ROBERT J. JONKER

GREG SKIPPER,

       Respondent.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 18 U.S.C. § 2254. Petitioner Christopher Campos ("Petitioner" or "Campos") is incarcerated with the Michigan Department of Corrections and the Michigan Reformatory in Ionia County, Michigan. Petitioner was convicted of two counts of first-degree criminal sexual conduct ("CSC-1") following a four day jury trial in the Kent County Circuit Court. Petitioner was ultimately sentenced to 25 years. Petitioner has filed his habeas corpus petition raising five grounds for relief. (ECF No. 5, PageID.152, 154-56.) Respondent filed an answer. (ECF No. 8). The Magistrate Judge issued a Report and Recommendation that the Court deny the petition and deny Petitioner a certificate of appealability.

The Court has reviewed Magistrate Judge Kent's Report and Recommendation (ECF No. 12) and the Petitioner's Objections to the Report and Recommendation (ECF No. 32). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's

1

recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. The Magistrate Judge recommends denial of Petitioner's habeas petition. In his numerous objections, Petitioner primarily reiterates and expands upon arguments presented in his habeas petition, as well as arguments presented before the state courts. To the extent that he raises new issues, they primarily center around whether the Magistrate Judge applied the AEDPA standard appropriately. He also contends that at the very least, reasonable jurists could disagree with the Magistrate Judge's conclusions, and so a certificate of appealability should issue.

After de novo review, the Court is satisfied the Magistrate Judge's analysis is factually correct and legally sound. Petitioner's objections fail to account for the detailed determinations of the Michigan trial court and the impact of the deferential AEDPA standard. Nothing in Plaintiff's objections change the fundamental analysis. Accordingly, the Court concludes that Petitioner is not entitled to federal habeas relief, for the very reasons detailed in the Report and Recommendation of the Magistrate Judge.

Petitioner first objects that the Report and Recommendation relied on the trial court's recitation of facts, rather than the testimony itself which was contained in the Rule 5 materials. (ECF No. 32, PageID.1140.)  Campos cites no authority for this suggestion. (*Id.*)  The habeas statute states that "a determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C § 2254.  As the Magistrate Judge correctly explains, that deference applies to the determinations of "the last state court to issue a reasoned opinion on the issue[s] raised in a habeas petition." *Hughbanks v. Hudson*, 2 F.4th 527, 534 (6th Cir. 2021) (quoting *Joseph v. Coyle*, 469 F.3d 441, 450 (6th Cir. 2006)).  Here, that is the trial court's opinion upon which the Magistrate Judge relied.  The Court agrees with the Magistrate Judge's reliance on it.

What's more, the Court reviewed the testimony upon which the Petitioner relies and disagrees with Petitioner's conclusion.  Campos argues that both the trial court and the Magistrate Judge disregarded "unequivocal" testimony from the victim that Petitioner did not successfully achieve penetration.  (ECF No.32, PageID.1141-1142.)  Campos further objects that the trial court relied on an unpublished state case for the premise that pain is sufficient to prove penetration, which Petitioner argues amounts to "mere speculation." (*Id.* at PageID.1143.)  The Court disagrees with characterizing the testimony as "unequivocal" but even if one reads it as contradictory, it is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  The Court agrees with the Magistrate Judge that it is not irrational for the jury to have concluded from the testimony that the conduct resulted in "intrusion, however slight" into either the victim's vagina or anus, which is all that is required by that statute. (ECF No.12, PageID.1032-35).  Petitioner objections fail to show that the state court's rejection of his sufficiency challenge was contrary to or an unreasonable application of clearly established federal law.

The second ground upon which Petitioner sought relief was that the state trial court failed to properly ensure that the waiver of Campos' right to testify was knowing, intelligent and voluntary. The Magistrate Judge concluded that Petitioner failed to show more than harmless error, even assuming that there was error at all. (ECF No. 12, PageID.1040.) As a threshold issue, Petitioner objects that there is a question of whether the state trial court actually adjudicated this claim on the merits (ECF No. 32, PageID.1150). The record is to the contrary. The trial court concluded that it was not required to make a record of Petitioner's waiver of the right to testify, but that the record adequately demonstrated the waiver regardless. (ECF No. 9-12, Page.527.) That plainly addresses the merits of Campos' argument.

The Magistrate Judge determined that the authority cited by Petitioner was not applicable, whether because the cases addressed the waiver of other constitutional rights or because the authority was vacated or not binding on this Court. (ECF No. 12, PageID.1037-38). Petitioner strenuously objects to these findings but provides little authority to support his insistence that the state trial court was required to go farther in confirming that he did not want to testify and that it was his personal decision. (ECF No. 32, PageID.1151.) This is not the law. Petitioner's trial counsel record on the record that it was a strategic decision not to testify and when the state trial court asked Campos if that was correct, he answered in the affirmative. (ECF No.9-6, PageID.419.) "When a tactical decision is made by an attorney that a defendant should not testify, the defendant's assent is presumed." *Gonzales v. Elo*, 233 F. 3d 348, 357 (6th Cir. 2000). The Magistrate Judge correctly explains that a trial court has no duty to *sua sponte* inquire whether a defendant knowingly, voluntarily, or intelligently waives his right to testify. *Lahdir v. Christiansen*, 2021 WL 2261191, *5 (E.D. Mich. June 2, 2021), certificate of appealability denied, No. 21-2629, 2022 WL 2255873 (6th Cir. Jan. 24, 2022), (citing *United States v. Webber*, 208 F.

4

3d 545, 551-52 (6th Cir. 2000). Petitioner's objections to the contrary largely expand on arguments to the Magistrate Judge and do not change the fundamental analysis. The Court concludes that Petitioner is not entitled to relief on this claim.

Petitioner raised three additional claims for relief: (1) the prosecutor used inappropriate arguments at her closing; (2) ineffective assistance of trial counsel; and (3) ineffective assistance of appellate counsel. The Magistrate Judge concluded that Petitioner is not entitled to relief on any of these grounds. Petitioner's objections to these determinations simply rehash the arguments already raised in his petition. The arguments fail to account for the detailed determinations of the state courts[1] and the impact of the deferential AEDPA standard. Accordingly, the Court concludes that the Petitioner is also not entitled to habeas relief on these grounds, for the very reasons detailed in the Report and Recommendation.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[1] The "last reasoned opinion" on one of the two prosecutorial misconduct claims were raised on direct appeal and addressed in a detailed opinion by the Court of Appeals, making that the relevant state court decision to which this Court must defer on that issue. (ECF No. 12, PageID.1042)

5

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In this case, the Magistrate Judge concluded that Petitioner has not made a substantial showing of the denial of a constitutional right.  After de novo review, the Court determines that the Magistrate Judge properly concluded that Petitioner is not entitled to the habeas corpus relief he seeks, nor is he entitled to a certificate of appealability.

Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 12) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**; and Petitioner's request for a Certificate of Appealability (ECF No. 32) is **DENIED**.

The Court discerns no good-faith basis for appeal of this matter.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

A separate Judgment shall issue.


DATED:  February 1, 2023              /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE